IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr84-MHT |
| ALMETTA JOHNSON | ) | (WO) |

OPINION AND ORDER

Defendant Almetta Johnson has been charged in a seven-count indictment, which includes one count of conspiracy to defraud the United States and six counts of theft of public funds.

This matter is now before the court on Johnson's motion in limine, in which she requests, among other things, a <u>James</u> hearing for the court to determine in advance of trial whether she was a party to a conspiracy for purposes of applying Rule 801(d)(2)(E) of the Federal Rules of Evidence. That rule provides the circumstances under which out-of-court statements by alleged co-conspirators may be admitted at trial. A co-conspirator statement is considered an admission by a

party opponent and is admissible if offered against a party and if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

In United States v. James, 590 F.2d 575 (5th Cir. 1979), the former Fifth Circuit Court of Appeals set out the procedure for determining whether a co-conspirator statement meets the requirements of Rule 801(d)(2)(E). (In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.) Under James, the government bore the burden of proving the existence of an underlying conspiracy by "substantial" evidence "independent of the hearsay declarations of the coconspirators." James, 590 F.2d at 580–581. The court's determination of whether the government has met its burden could be made pretrial during a hearing

outside the presence of the jury, or a statement could be admitted subject to the requirement that the government will "connect it up" by the end of trial, that is, will establish a proper foundation for the admission of the statement. Id. at 581–82. But, under James, the "preferred" order of proof was a pretrial hearing "whenever reasonably practicable," wherein the trial court would assess the evidence of a conspiracy before admitting co-conspirator statements, id. at 582, though the Eleventh Circuit Court of Appeals has later re-emphasized that such hearings are not mandatory. United States v. Espino-Perez, 798 F.2d 439, 441 (11th Cir. 1986).

The practical underpinnings to James's pretrial-hearing preference were significantly undermined by the Supreme Court's ruling in Bourjaily v. United States, 483 U.S. 171 (1987). There, the Court held, contrary to what was said in James, that the government need prove the preliminary facts establishing a

3

conspiracy only by a preponderance of the evidence and that the statements sought to be admitted could themselves be examined as evidence of the underlying conspiracy. Id. at 176, 181. Rule 801 was subsequently revised to incorporate the Bourjaily ruling, stating: "The statement must be considered but does not by itself establish ... the existence of the conspiracy or participation in it." Fed. R. Evid. 801(d)(2). Currently, "[f]or evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." United States v. Hasner, 340 F .3d 1261, 1274 (11th Cir. 2003).

Johnson does not raise any arguments specific to the facts of her case, but only invokes the generalized concern that if this court forgoes holding a pretrial

_James_ hearing, she may suffer irreversible prejudice at trial.  The government responds that holding a _James_ hearing is no longer the norm in the Eleventh Circuit and that it would be more efficient to admit the co-conspirator statements at issue subject to their being connected up by the close of the government's evidence. The government also correctly notes that this court routinely handles evidentiary issues at trial.  The court may do so by instructing the jury as to what evidence it may consider in relation to each defendant.  (In that regard, it should be noted that, unlike at the time _James_ was decided, jury instructions are usually now given not only orally but in writing, with the jurors able to consult the written instructions throughout their deliberations.)

Having considered the submissions of both parties as well as the record developed so far as a whole, the court concludes that a _James_ hearing is not necessary in this case, for the court can adequately address Johnson's

5

evidentiary concerns during the trial itself. See <u>United States v. Sanchez</u>, 722 F.2d 1501, 1507 (11th Cir. 1984) (holding that a separate <u>James</u> hearing was not required and it was not error to decide the <u>James</u> issue after the government had introduced the statements into evidence).

\*\*\*

Accordingly, for the foregoing reason, it is ORDERED that defendant Almetta Johnson's motion in limine (Doc. No. 184), in which defendant Johnson asks for a pretrial hearing for the court to determine the existence of a conspiracy, is denied.

DONE, this the 5th day of November, 2012.

    /s/ Myron H. Thompson  
    UNITED STATES DISTRICT JUDGE